IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J&M INDUSTRIES, INC., )
)
          Plaintiff, )
)   Case No.: 16-2723-JTM-KGG
RAVEN INDUSTRIES, INC. )
)
          Defendant. )
_____ )

## ORDER ON MOTIONS FOR PROTECTIVE ORDERS

Now before the Court is Plaintiff's "Motion for Entry of Protective Order." (Doc. 54). Having reviewed the submissions of the parties, Plaintiff's motion is **GRANTED**.

## BACKGROUND

This is a patent infringement case brought pursuant to 35 U.S.C. § 271, *et seq*. The parties are competitors in the grain storage cover industry. The Court previously entered an Order (Doc. 52) on the parties' competing motions for Protective Orders (Docs. 30, 32).

Following the Court's Order, Plaintiff submitted

> a proposed Protective Order that reflects the Court's Order on Motions for Protective Orders. Specifically, the proposed Protective Order: (1) identifies that Ms. Lindsay Edwards, as Raven's in-house counsel, is an individual who may view designated Attorneys' Eyes Only Information (as per pg. 8 of Court's Order on Motions for Protective Orders); (2) provides that the

1

> confidentiality certifications executed by expert witnesses, outside consultants or investigators must be maintained for two years (as per pg 7. of Court's Order on Motions for Protective Orders); (3) provides that confidentiality certifications for potential, anticipated or actual third party fact witnesses must be delivered to counsel of record for all other parties within 30 days of execution (as per pgs. 6-7 of Court's Order on Motions for Protective Orders); and (4) clarifies the term 'counsel' used in the Protective Order to make clear when referring to outside counsel versus in-house counsel.

(Doc. 55, at 1-2.)[1]

Defendant contends that Plaintiff's proposed Protective Order (Doc. 55-2) "do[es] not accurately reflect the Court's Order . . . ." (Doc. 58-1, at 1.) More specifically, Defendant argues that the proposed order

> restricts in-house access beyond what the Court ordered and that only counsel of record, not counsel for the parties, may access information (J&M unilaterally inserted these new requirements after briefing closed and after the Court's Order). With respect to in-house access, despite the Court's order which states: 'Plaintiff has not met its burden pursuant to Fed.R.Civ.P. 26(c) to establish good cause for the Court to enter a Protective Order prohibiting in-house counsel from accessing [technical and financial] AEO information' (Doc. 52, pp. 8, 9), J&M has taken it upon itself to forbid Raven's in-house counsel (other than Lindsay Edwards) from accessing AEO information. Doc. 55-2, p. 3 of 15, p. 6 of 15. The Court did not limit Raven's in-house access to AEO

---

[1] Potential issues regarding confidentiality acknowledgments – that they be maintained for two years and that they must be delivered to counsel of record for all other parties within 30 days of execution – appear to have been resolved by the parties. The other two issues, however, remain.

> information to one person. To be fair, Raven proposed such a restriction, but J&M refused that proposed concession. Also, since the parties' briefing on the issue, Raven has hired a new general counsel so such a restriction would unfairly burden Raven.

(*Id.*, at 1-2.)

Given the parties' conflicting interpretations of the Court's prior Order (Doc. 52), Plaintiff brings the present motion seeking a Protective Order to serve as a "single document that clearly and plainly sets forth the terms of the protective order controlling the disclosure, dissemination and use of certain identified categories of confidential information produced in this litigation." (Doc. 55, at 1.) The Court will address the remaining issues in turn.

### 1. Designation of In-House Counsel to Receive Attorneys Eyes Only Information.

The Court's prior Order specifically addressed the parties' disagreement "as to whether Defendant's in-house general counsel Lindsay Edwards should have access to certain of Plaintiff's proprietary financial information marked AEO." (Doc. 52, at 8.) The Court's Order addressed only Ms. Edwards, not other in-house attorneys, for the simple reason that Defendant's briefing related only to Ms. Edwards. (*See, e.g.*, Doc. 35, at 2 ("There is no basis to deny [Defendant's] one in-house attorney managing this litigation access to AEO information").) As such, the Protective Order in this case applies solely to Ms. Edwards. This issue, however, is resolved without prejudice as to a potential, substantiated request by

3

Defendant to include other in-house counsel. The parties are encouraged to confer in an attempt to resolve any such request prior to involving the Court.

2. **Clarification of the Term "Counsel."**

Plaintiff contends that its proposed Protective Order clarifies the term "counsel" to make clear when referring to outside counsel versus in-house counsel:

> In light of the Court ordering Ms. Lindsay Edwards, in-house counsel for [Defendant], access to Attorneys Eyes Only information, [Plaintiff] sought to provide a protective order that clearly distinguished between 'inside counsel' and 'counsel of record' (as the protective order originally sought by [Plaintiff] referred only to 'counsel' wherein 'counsel' referred to 'counsel of record').

(Doc. 57, at 4.) The Court agrees that the "few clarifying edits" proposed by Plaintiff "do not change the substance of the Protective Order and merely serve to assist the parties and any third parties in interpreting the Protective Order." (*Id*.) As such, the Court approves the language discussed at pages 4 and 5 of Plaintiff's reply brief (Doc. 57).

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Entry of Protective Order" (Doc. 54) is **GRANTED**. The parties are directed to submit to the Court for filing a Protective Order compliant with the findings in this Order, as well as the Court's prior Order (Doc. 52), **within 30 days** of the date of this Order.

**IT IS SO ORDERED.**

Dated this 6th day of September, 2017, at Wichita, Kansas.

                                   S/ KENNETH G. GALE
                                   HON. KENNETH G. GALE
                                   U.S. MAGISTRATE JUDGE