## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J&M INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.: 16-2723-JTM-KGG |
| | ) |
| RAVEN INDUSTRIES, INC. | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM & ORDER ON MOTION TO COMPEL

The this is a patent infringement case, brought pursuant to 35 U.S.C. § 271,
*et seq*. The parties are competitors in the grain storage cover industry. Now before
the Court is Defendant's Motion to Compel. (Doc. 102.) Defendant brings the
present motion based on Plaintiff's alleged "deficient responses and . . . refusal to
timely produce . . . important core documents. (Doc. 103, at 4.) The discovery
requests at issue will be discussed and addressed individually herein. Having
reviewed the submissions of the parties, Defendant's motion is **GRANTED in
part** as more fully set forth below.

## ANALYSIS

### I.    Legal Standards.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.  *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

## II.    Meet & Confer.

As an initial matter, Plaintiff argues that Defendant filed the present motion "in blatant violation of the Federal Rules and this Court's local rules," particularly Fed.R.Civ.P. 37(a)(1) and D. Kan. Rule 37.2.  (Doc. 109, at 2.)  Federal Rule 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Pursuant to D. Kan. Rule 37.2, "[t]he court will not entertain any motion to resolve a discovery dispute . . . unless the attorney for the moving party

has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."

Plaintiff concedes that the parties "conducted telephonic meet and confers on three different occasions." (Doc. 109, at 2.) Even so, Plaintiff contends that a litany of the issues addressed in Defendant's Motion to Compel were not raised during that meet and confer process. (*Id.*, at 2-3.) Defendant, however, contends that all issues addressed in the motion were discussed by the parties. (Doc. 111, at 3-4.) According to Defendant, the issues were either memorialized in Defendant's "golden rule" letter or are included in defense counsel's notes from the parties' discussions. (*Id.*)

The Court obviously was not present during the parties' meet and confer sessions. As such, based on the parties' discussion of these communications in the submitted briefings, the Court has no way of determining whether Plaintiff or Defendant has more accurately summarized the topics discussed. As such, the Court will not deny portions of Defendant's motion on this technical issue but will instead address the discovery requests at issue on their substantive merits.

## III.    Rolling Production.

Although not reflected in the Scheduling Orders (Docs. 23, 65), the parties apparently agreed at the beginning of this case that documents may be produced on a "rolling" basis. This type of cooperation agreement is encouraged by this Court.

Its source is the "Trial by Agreement" site maintained by Stephen D. Susman (trialbyagreement.com).  The purpose of such an agreement is to "produce documents on a rolling basis as soon as they have been located and copied."  *Id.* This agreement is not a license to produce documents at some vague "later" date, or to produce them when convenient.  Such documents should be produced within a reasonable time after the response is submitted.  The agreement's purpose is to avoid the delay caused by waiting to produce any documents until all have been compiled, and to recognize that additional responsive documents may come into a party's possession or control during the litigation.

Of course, subsequently acquired responsive documents would activate a duty to supplement under Fed. R. Civ. P. 26(e).  In any event, documents in this case which were within the custody or control of the plaintiff at the time of the original discovery responses (May of 2017) should have been produced long ago. This Order requires all responsive documents be produced **within thirty (30) days** of the date of this Order.

**IV.    Discovery Requests at Issue.**

    **A.    General Objections.**

As an initial matter, Plaintiff includes the following general objection at the beginning of its responses to Defendant's First and Second Interrogatories:

> Plaintiff objects to the requests to the extent they call for information subject to the work product doctrine, the attorney-client privilege, joint defense privilege, privilege for the opinions of or facts known or held by non-testifying experts, and any other applicable privilege, protection or immunity.

(*See* Doc. 103-3, at 1; Doc. 103-9, at 1.)

This Court has unequivocally ruled that such objections are improper.

> This Court has specifically held that '[t]hese type of objections are, at best, worthless and improper.' ***Martin K. Eby Const. Co., Inc. v. OneBeacon Ins. Co.***, 08–1250–MLB–KGG, 2012 WL 1080801 (D.Kan. March 29, 2012) (citing ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 660–61 (D.Kan.2004). ''Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery.'' *Id.* At worst, these types of objections leave the requesting party 'unsure whether or not the objection correlates to withheld information.'

***Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.***, No. 13-2150-CM-KGG, 2014 WL 2815515, at *2-3 (D. Kan. June 23, 2014). As such, Plaintiff's general objections are **overruled**. This determination does not, however, apply to instances in which Plaintiff subsequently raised these specific objections in response to specific discovery requests.

### B.    Interrogatory No. 12.

Interrogatory No. 12 asks Plaintiff to "[i]dentify by name and location each and every site or place where there is a grain storage system that includes a Raven

product and that you contend infringes any claim of the '239 patent." (Doc. 103-3, at 1.) Plaintiff objects that the interrogatory is unduly burdensome because Defendant "is in possession of the documents and information identifying each and every [such] site . . . ." (Doc. 103-3, at 2.)

Plaintiff continues that every location with an installed Fortress brand Internal Strop System "is a site or place of infringement" of the patent at issue "because there are no substantial non-infringing uses" of Defendant's system. (*Id.*) Given this explanation of Plaintiff's position, the Court **sustains** Plaintiff's unduly burdensome objection. If Plaintiff intends to advance the theory that every use of Defendant's system infringes on the patent at issue, there is no need for Plaintiff to provide further enumeration of the sites where such infringement is taking place.

Plaintiff initially further objected that it cannot "fully answer this interrogatory" because Defendant "has not fully produced the information and documents" requested in Plaintiff's discovery. (*Id.*) Plaintiff's responsive brief, however, indicates that Defendant "recently . . . provided [Plaintiff] with complete invoices that identify to whom" Defendant sold its internal strapping systems. (Doc. 109, at 8, n.1.) Plaintiff indicates that it will supplement this response as it "investigates these sales further and obtains additional direct evidence of direct infringement . . . ." (*Id.*) To the extent Plaintiff has not yet done so, Plaintiff is

instructed to provide such a supplemental response to Defendant **within thirty (30) days of the date of this Order**.

### C. Damages Discovery (RFP Nos. 21, 22, 30, and 36; Interrogatory No. 11).

Defendant contends that Plaintiff "provides basically zero information about damages or financial issues." (Doc. 103, at 11.) The Court thus turns to Plaintiff's answers to the specific discovery requests on this issue.

Defendant's Interrogatory No. 11 asks Plaintiff to "[p]lease describe the complete bases for [its] contention that J&M is entitled to recover damages in this case, including an identification of whether [it] seek[s] lost profits, reasonable royalty, or both, and the complete bases for each such claim." (Doc. 103-8, at 3.) Plaintiff objects that the interrogatory "seeks legal conclusions," is premature, and requires a "running narrative . . . ." (Doc. 103-9, at 8.) The Court **overrules** these objections as unsubstantiated.

In conjunction with these objections, Plaintiff responds that it is "still awaiting [Defendant's] document production so that it can fully calculate all damages" and will "supplement this response when said calculation is complete." (*Id*.) The Court finds Plaintiff's response to be inadequate.

"Plaintiff doesn't get to decide when to respond to discovery requests at his leisure." *Azim v. Tortoise Capital Advisors, LLC*, No. 13-2267-DDC-JPO, 2015 WL 1268021, at *2 (D. Kan. March 19, 2015). Plaintiff is suing Defendant for

damages.  As such, Plaintiff must have some general understanding of the nature and extent of its damages.  At a minimum, "Plaintiff[s] should have provided 'a computation of each category of damages claimed' in their Fed. R. Civ. P. 26(a)(1) initial disclosures.  It is clearly not too early in discovery for plaintiff to provide such a calculation."  ***Monopoly Acquisitions, LLC v. T.E.N. Investments, Inc.***, No. 07-2161-CM-JPO, 2008 WL 11381877, at *3 (D. Kan. January 18, 2008). While additional information received from Defendant may require this response to be revised, this does not excuse Plaintiff from responding to what constitutes a very basic discovery request.  Plaintiff may supplement its response to this interrogatory as necessary as additional information becomes available to it.

That stated, Plaintiff's responsive brief indicates that Defendant finally responded fully to Plaintiff's discovery requests relating to its "sales of infringing products" a couple weeks before filing the present motion – and that it took Defendant approximately ten months to do so.  (Doc. 109, at 9.)  As such, Plaintiff indicates it would supplement its response to Interrogatory No. 11.  To the extent Plaintiff has not yet done so, it is instructed to provide a supplemental response to Interrogatory No. 11 **within 30 (thirty) days of the date of this Order**.

Request for Production No. 21 asks for "[a]ll documents relating to [Plaintiff's] sales, profits, revenues, costs, and margins on grain storage products or services" since January 2012.  (Doc. 103-5, at 10-11.)  Request No. 22 seeks

"[d]ocuments sufficient to show [Plaintiff's overall annual revenue and profits"

since 2012.  (*Id*.)  Request No. 30 seeks "documents relating to the pricing for any

J&M grain storage product or service."  (*Id*., at 14.)

Plaintiff objects to the breadth of these requests as "not limited to the subject

matter of this litigation" because they seek information on grain storage products

or services generally rather than simply internal strapping systems.  (*Id*., at 11, 14.)

Plaintiff indicates it is withholding documents responsive to these requests on the

basis of this objection, but will "produce nonprivileged documents in its

possession, custody or control evidencing its sales, profits, revenues, costs and

margins for J&M's Internal Strapping Systems" for the relevant time period.  (*Id*.,

at 11, 15.)

Defendant contends that Plaintiff has "unilaterally narrowed" the responses

to these discovery requests "to apply to 'Internal Strapping Systems' only, which is

a subset of the broader category of 'grain storage products or services' as the

original requests seek."  (Doc. 103, at 13.)  Defendant argues that "grain storage

products or services are highly relevant to assess any damages claim in this case"

for two reasons.  (*Id*., at 13-14.)  Initially, Defendant contends that "needs to

know" what percentage of the grain storage products market is comprised of

"Internal Strapping Systems."  (*Id*., at 14.)  Defendant does not, however,

explicitly explain *why* it "needs" to know this information or how it is relevant to

calculating Plaintiff's damages in the present case.

> Plaintiff argues that the requests are improper because they are

>> not limited to the patented product at issue – the internal
>> strapping system. [Plaintiff] provides a variety of
>> products that could be deemed a 'grain storage product or
>> service'. For example, [Plaintiff] provides custom
>> separation covers for grains ships used to separate
>> different types of stored grain from each other. These
>> separation covers are wholly unrelated to this litigation.

(Doc. 109, at 15.)

Defendant continues, however, that this more general information would

allow it to determine if, "during the alleged period of infringement, all 'grain

storage products or services' sales declined or only the 'grain storage products or

services' with 'Internal Strapping Systems' declined." (Doc. 103, at 14.)

Defendant contends that "[i]f both declined, this indicates lost sales were the result

of the market as a whole rather than alleged infringement." (*Id.*)

The Court does not find this to be a sufficient justification to expand

discovery well beyond the product at issue to encompass products and issues that

are only, at best, tangentially related to this litigation, if at all. Even if such

information could be considered relevant to this litigation, the additional effort

required to compile and produce the information would not be proportional to the

case.  The Court thus **sustains** Plaintiff's objection that Requests Nos. 21, 22, and 30 are impermissibly overly broad.

Request No. 36 asks for "documents relating to any claim . . . relating to lost profits." (Doc. 103-5, at 17.)  Plaintiff indicates that subject to the "preliminary statement" contained in its discovery responses, it will produce documents evidencing its claim for lost profits.  (*Id*.)  Defendant contends that, as of the filing of the motion at issue, Plaintiff had produced only three invoices for sales of its "Internal Strapping Systems" for 2015-17.  (Doc. 103, at 15.)  Although Plaintiff argues that Defendant failed to meet and confer regarding this issue pursuant to D. Kan. Rule 37.2 (Doc. 109, at 16), the Court cannot determine with any certainty that this is true given Defendant's position on the issue (discussed *supra*).  The Court instructs Plaintiff to supplement its response to Request No. 36 to provide any other responsive documents forthwith.

### D.    Pre-Patent Issuance Discovery (RFP Nos. 42-44, Interrogatory No. 13).

Plaintiff is seeking pre-patent issuance damages pursuant to 35 U.S.C. §154(d), which Defendant characterizes as "an extraordinary, rarely awarded remedy." (Doc. 103, at 15.)  While damages in a patent case are generally limited to the term of the patent (after the patent is issued), §154(d) allows pre-issuance damages from the date of publication of the patent application if the infringer had actual notice of the published patent application and "the invention as claimed in

the patent is substantially identical to the invention as claimed in the published patent application." 35 U.S.C. §154(d)(1)(B), (d)(2).  Thus, according to Defendant, Plaintiff "should be required to produce documents evidencing such a claim and answer fully, completely, and unevasively the grounds for such a contention."  (*Id*.)

Interrogatory No. 13 asks Plaintiff to "provide the complete basis for [its] contention that it is entitled to damages . . . before May 24, 2016, the date the '239 patent issued."  (Doc. 103-3, at 2.)  The interrogatory asks Plaintiff to identify the first date on which it contends it is entitled to seek damages against Defendant. (*Id*.)  Plaintiff responded that it could not fully respond because Defendant had not sufficiently responded to Plaintiff's first and second discovery requests and that it needed to depose Defendant's representatives.  (Doc. 103-3, at 2-3.)  Within that framework, Plaintiff responded that it "is entitled to damages relating to Raven's indirect infringement beginning on the date [Defendant] received actual notice of the published patent application."  (*Id*.)  Plaintiff contends this was when Defendant "had actual notice of [Plaintiff's] pending patent application at least as early as February 2014 . . . ."  (*Id*.)

Request No. 42 seeks "all documents relating to any trade show, convention, meeting, or presentation for which you contend [Defendant] was put on notice of the . . . patent in suit or pending patent application before it issued on May 24,

2016." (Doc. 103-7, at 2.) Request No. 43 requests that "[f]or each trade show, convention, meeting, or presentation" implicated by Request No. 42, Plaintiff "produce any presentations . . . presented or displayed at the show, as well as any literature, handouts, or marketing documents distributed . . . , including anything marked with patent pending or any information about any . . . patent or patent application." (*Id.*) Request No. 44 asks Plaintiff to "[p]roduce all documents and any evidence of any kind whatsoever you have that reflects that anyone from [Defendant] saw anything from [Plaintiff] about a patent pending system, as you contend in response to [Defendant's] Interrogatory No. 13." (*Id.*, at 3.) Plaintiff indicated it would produce any non-privileged documents responsive to these requests. (Doc. 103-7, at 2-3.)

The parties agree that Plaintiff "produced a brochure that includes the patent application number and on December 1st produced evidence of Raven attending the trade show at which the brochure was circulated." (Doc. 109, at 9; Doc. 111, at 11.) Defendant indicates that the responsive information by Plaintiff lacks "documents reflecting the marking for 'patent pending' on the embodying product at any time, much less the specifics of what was presented to [Defendant] that would trigger actual notice." (*Id.*) Defendant argues that Plaintiff "should not continue to pursue pre-patent issuance damages under 35 U.S.C. § 154(d) if it cannot support such a contention with this discovery." (*Id.*, at 19.)

A discovery motion is not the appropriate time for the Court to determine whether a party can legally pursue a particular claim or type of damages. Rather, the Court is currently tasked with deciding the sufficiency with Plaintiff's objections and/or responses to discovery. If Plaintiff's responses to Interrogatory No. 13 and RFP Nos. 42-44 encompass the entirety of the responsive information and documentation Plaintiff has in its possession, custody, or control, the Court cannot simply order Plaintiff to create or produce additional responsive information. Whether this information is sufficient to sustain Plaintiff's claim for prepatent issuance damages pursuant to 35 U.S.C. § 154(d) is an issue to be presented to, and decided by, the District Court (or the jury) at the appropriate time. Plaintiff is, however, instructed to supplement its responses to these discovery requests to indicate whether this is the entirety of responsive information it has.

### E.    Willful Infringement (Interrogatory No. 9, RFP No. 2).

Plaintiff's claim for willful infringement seeks treble damages against Defendant pursuant to 35 U.S.C. §284. According to Defendant, Plaintiff "hides the ball as to its bases for this contention." (Doc. 103, at 19.)

Interrogatory No. 9 asks Plaintiff to "describe the complete basis for your contention that any alleged infringement is willful." (Doc. 103-9, at 7.) Plaintiff objects that the request seeks legal conclusions and requires it "to provide a

running narrative or description of its claim in contravention of the purpose of discovery as contemplated by the Federal Rules of Civil Procedure." (*Id*., at 7-8.) These objections are without merit and are thus **overruled**. Plaintiff's response states that Defendant "willfully infringed . . . the '239 Patent by selling, offering for sale, advertising, instructing how to use, installing and otherwise making available its internal strapping system, including, but not limited to the FORTRESS brand strapping system, with knowledge of, and of infringement, of the '239 Patent." (*Id*., at 8.)

Defendant argues that "[t]his response just regurgitates the willfulness requirements without any indication of evidence to support it." (Doc. 103, at 20.) Defendant contends that if Plaintiff "has more evidence of willfulness, it should provide it now. If it does not, [Plaintiff] should certify this answer as complete so Raven can pursue summary judgment." (Doc. 111, at 13.) The Court agrees. Plaintiff is instructed to provide a substantive response that specifically details its bases, if any, for the contention that any alleged infringement by Defendant has been done in a willful manner.

Request No. 2 seeks "documents evidencing, supporting, or relating to [Plaintiff's] contention that any infringement by [Defendant] is willful." (Doc. 103-5, at 3.) Plaintiff indicates that it will produce responsive, non-privileged documents. (*Id*.) To the extent Plaintiff has not yet produced the responsive

documents, it is instructed to do so **within thirty (30) days** of the date of this Order.

### F.    Marketing and Advertising (RFP Nos. 11, 19, and 23).

These requests seek documents "evidencing, supporting, relating to any marketing, market studies, consumer/customer research, or advertising of any product that you contend embodies any claim of the '239 Patent" (RFP No. 11), "market surveys or analyses relating to J&M's grain storage products or services" (RFP No. 19), and "marketing or advertising documents relating to any J&M grain storage product or service" (RFP. No. 23). (Doc. 103-5, at 7, 10, 11.) Defendant contends this information is "relevant to at least damages issues in this case." (Doc. 103, at 21.)

Plaintiff indicates that it will produce responsive, non-privileged documents in its possession, custody, or control. (Doc. 103-5, at 7, 10, 12.) As of the filing of Defendant's reply brief, however, Plaintiff had not done so. (Doc. 111, at 13.) Plaintiff is thus instructed to produce documents responsive to Requests Nos. 11, 19, and 23 **within thirty (30) days** of the date of this Order.[1]

### G.    Design, Development and Testing (RFP Nos. 9, 10).

---

[1] The Court agrees with Plaintiff, however, that Request No. 23 is overly broad "as it is not limited in temporal scope or to the product at issue in this litigation." (Doc. 109, at 16.) Plaintiff's supplemental response to RFP No. 23 shall be limited to "'documents since 2010 . . . evidencing marketing or advertising of any of [Plaintiff's] Internal Strapping Systems . . . .'" (*Id.*)

Request No. 9 seeks "documents evidencing, supporting, or relating to the design and development of any product that you contend embodies any claim of the '239 patent" while Request No. 10 seeks documents "relating to any research or testing" of any such product.  (Doc. 103-5, at 6.)  Plaintiff indicates that, subject to the "Preliminary Statement" included in its responses, it will produce "non-privileged documents in its possession, custody or control" responsive to these requests.  (*Id*.)

Defendant states that Plaintiff "has not provided this type of information" and should be compelled to do so.  (Doc. 103, at 23.)  Plaintiff's discovery responses indicate the information will be produced.  (Doc. 103-5, at 6.)  If Plaintiff has not yet provided the requested information, it is instructed to do so **within thirty (30) days** of the date of this Order.[2]

### H.    Licensing Agreement and Negotiation (RFP Nos. 32, 33).

Request No. 32 asks for "documents relating to any licenses, license agreements, settlements, or licensing negotiations relating to the '239 patent" while

---

[2]   Plaintiff states that it has "produced over 200 pages of development-related documents" to Defendant prior to the filing of this motion.  (Doc. 109, at 11.)  Defendant contends, however, that "it seems highly unlikely that 200 pages (of which many are duplicates) is the universe of documents relating to the conception of a new product design, and then the totality of the research, design, development, testing, and implementation of this design."  (Doc. 111, at 13.)  Plaintiff is instructed to supplement its response to provide the remaining responsive documentation or specifically indicate that all responsive documents in its possession, custody, or control have been identified and produced.

Request No. 33 seeks such documents "relating to grain storage products" in general. (Doc. 103-5, at 15.) Plaintiff indicates that, (subject to the "Preliminary Statement" included in its responses as to Request No. 32), it will produce "non-privileged documents in its possession, custody or control" responsive to these requests. (*Id*., at 15-16; Doc. 109, at 11.)

Defendant contends that "[h]ow [Plaintiff] or the market values its technology is important to damage issues, but [Plaintiff] has not provided this information either." (Doc. 103, at 23.) Plaintiff's discovery responses indicate the information will be produced. (Doc. 103-5, at 15-16.) If Plaintiff has not yet provided the requested information, it is instructed to do so **within thirty (30) days** of the date of this Order.

## I.    Interrogatories 1-4, and 14.

Interrogatory No. 1 asks, as to each asserted patent claim, for Plaintiff to "describe in detail . . . the claim's conception and diligent reduction to practice . . . ." (Doc. 103-9, at 2.) Therein, Plaintiff is asked to identify individuals and documents relating to "the conception or reduction to practice . . . ." (*Id*.)

Plaintiff objects to Defendant's use of the term "'relating' as overly broad as it fails to modify a sufficiently narrow category of information." (*Id*.) The Court finds that the language of this interrogatory is sufficiently narrow as to the term "relating" and **overrules** this objection. The Court also **overrules** Plaintiff's

objection that the interrogatory requires it "to provide a running narrative or description of its claim . . . ." (*Id*.)  Further, the Court finds that Defendant's request that responsive documents be identified by Bates number does not impose an improper obligation on Plaintiff.  This objection is, also, **overruled**.  The Court also **overrules** these objections as to Interrogatories Nos. 2, 3, and 14.

Plaintiff continues by providing a substantive response to Interrogatory No. 1 (*see id*.), which Defendant argues fails to "provide any information regarding reduction to practice."  (Doc. 103, at 26.)  Plaintiff argues in its brief in opposition that it has "fully responded" to the discovery request.  (Doc. 109, at 12.) Defendant replies that "[a]lthough [Plaintiff] identifies persons involved with and dates of conception, it is devoid of any answer regarding reduction to practice." (Doc. 111, at 14.)  The Court agrees.  Plaintiff is instructed to supplement its response to Interrogatory No. 1 to provide a detailed description of the reduction to practice.  If Plaintiff's response to Interrogatory No. 1, as stated, contains all the information Plaintiff has regarding reduction to practice, Plaintiff is instructed to indicate the same.

Interrogatory No. 2 asks, as to each asserted patent claim, the facts relating to "the first and each subsequent public use, offer for sale, and sale of a product by [Plaintiff] (or any predecessor-in-interest) embodying the claimed invention . . . ." (Doc. 103-9, at 3.)  Defendant contends that while Plaintiff's substantive response

to the interrogatory "provides the people with knowledge of the sales of products embodying the claimed invention," it fails to "provide an answer to the name of a single product, the date on which each such sale occurred, where applicable the price relating to any of the foregoing, and whether any of the products were marked with the '239 Patent."  (Doc. 103, at 27.)

Plaintiff argues that its response to Interrogatory No. 2 makes "clear" that it has "identified persons with relevant knowledge and also will provide documents pursuant to Rule 33(d) form which the responses to Interrogatory No. 2 can be ascertained."  (Doc. 109, at 12.)  Defendant replies that Plaintiff's answer, "which lists people with knowledge" and indicates it will produce documents, "makes no effort to identify the name of a single product, the date on which each sale occurred, where applicable, the price relating to any of the foregoing, and whether any of the products were marked with patent information."  (Doc. 111, at 15.)

Based on the Court's reading of Interrogatory No. 2, Defendant is not merely asking for a list of names of people who have knowledge of "facts and circumstances relating to the first and each subsequent public use, offer for sale, and sale of a product" by Plaintiff "embodying the claimed invention . . . ."  (Doc. 103-9.)  Rather, Defendant is asking for this information *in addition to* the people who have knowledge of the same.  (*Id*.)  As Plaintiff is instructed to supplement its response to provide the requested substantive information.

Interrogatory No. 3 instructs Plaintiff, as to each asserted patent claim, to "describe . . . all facts and circumstances that support or otherwise relate to any secondary considerations of nonobviousness" and identify related documents. (Doc. 103-9, at 4.)  In addition to the objections raised as to all the interrogatories discussed in this section, which the Court has overruled *supra*, Plaintiff objects that the request is "premature to the extent it seeks expert opinions and information." (*Id*.)  Plaintiff also objects that "secondary considerations of nonobviousness are not considered unless and until Raven establishes a prima facie case of obviousness, and Raven's invalidity contentions fail to establish such a prima facie case."  (*Id*.)   The Court **overrules** these objections and instructs Plaintiff to respond with the information currently available to it; should Plaintiff need to supplement this response to comply with subsequent expert disclosures or testimony, Plaintiff is free to do so in a timely manner.

Interrogatory No. 4 asks Plaintiff, as to each asserted claim of the '239 patent, to "define the relevant fields of art and level of ordinary skill in the relevant art that [Plaintiff] contends is applicable . . . ."  (Doc. 103-9, at 5.)  Plaintiff objects that the information sought by this interrogatory is irrelevant because Defendant, "having asserted the defense of invalidity, has the burden of establishing the criteria for a person of ordinary skill in the art, and then presenting evidence that such a person would have considered the invention disclosed in the '239 Patent to

be obvious." (*Id.*)  Plaintiff then refers Defendant to section from a report of Plaintiff's expert.

Defendant merely states that these objections "should be overruled" without explain *why* the objections are improper.  (Doc. 103, at 28.)  This is insufficient. *See **Nyanjom v. Hawker Beechcraft, Inc**.*, No. 12-1461-JAR-KGG, 2014 WL 667885, at *4 (D. Kan. Feb. 20, 2014) (denying a motion to compel where the movant fails to discuss why the responding party's objections are improper).  The Court thus **sustains** Plaintiff's objections to Interrogatory No. 4.

Interrogatory No. 14 instructs Plaintiff to "provide the complete basis for [its] contention that it is entitled to the priority date for the provisional patent . . . ." (Doc. 103-3, at 3.)  Defendant argues that the substantive portion of Plaintiff's response to this interrogatory "provides only a 'non-limiting' example for the contention that it is entitled to priority date of the provisional patent."  (Doc. 103, at 29.)  Defendant argues this is insufficient because it is seeking "the complete basis," thus asking the Court to compel Plaintiff to supplement its answer.

Plaintiff responds that it has stated "the complete basis" for its contention that it is entitled to the priority date.  (Doc. 109, at 13.)  Defendant replies that "the law requires a specific showing by J&M to trigger the relief it seeks. Specifically, J&M must show how the provisional application describes the invention as 35

U.S.C. § 112(a) requires, and any facts supporting the application of § 112(a)."
(Doc. 111, at 17.)

Again, a discovery motion is not the appropriate time for the Court to determine whether a party has sufficient evidence to support a particular claim or argument.  If Plaintiff's response to Interrogatory No. 14 encompasses the entirety of the responsive information and documentation Plaintiff has in its possession, custody, or control, the Court cannot simply order Plaintiff to create or produce additional responsive information.  Whether this information is sufficient to sustain Plaintiff's contention that it is entitled to the priority date for the provisional patent is an issue to be presented to, and decided by, the District Court (or the jury) at the appropriate time.

### J.    Communication Requests for Production (RFP Nos. 12-17).

These document requests seek communications between Plaintiff and Defendant, Plaintiff and Integra Plastics, communications about Defendant, and communications about Integra Plastics.  (Doc. 103-5, at 9.)  Although Plaintiff has agreed to produce certain such documents (*id.*), Defendant complains that Plaintiff has thus "produced few, if any responsive communications to these requests." (Doc. 103, at 29.)  Defendant asks the Court to compel Plaintiff to produce any responsive documents that exist or "unconditionally certify" in supplemental responses that such documents do not exist.  (*Id.*, at 29-30.)  While the parties

appear to have agreed to a rolling production of this information, the Court finds that Plaintiff has had sufficient time to identify responsive information.  Plaintiff shall supplement its responses to Interrogatories Nos. 12-17 **within thirty (30) days** of the date of this Order.  This supplementation shall include, where applicable, an indication of whether responsive documents do not exist.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 102) is **GRANTED in part** as more fully set forth above.  All supplemental responses, including responsive documents, shall be served by Plaintiff **within thirty (30) days** of the date of this Order.

IT IS SO ORDERED.

Dated this 22nd day of March, 2018, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE