IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J&M INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 16-2723-JTM-KGG |
| ) | |
| RAVEN INDUSTRIES, INC. ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM & ORDER ON MOTION TO COMPEL**

Now before the Court is Defendant's Second Motion to Compel regarding Plaintiff's response to Defendant's Interrogatory No. 12. (Doc. 138.) Having reviewed the submissions of the parties, Defendant's motion is **DENIED**.

This is a patent infringement case, brought pursuant to 35 U.S.C. § 271, *et seq*. The parties are competitors in the grain storage cover industry.

Defendant previously moved the Court to compel supplemental discovery responses as a result of Plaintiff's allegedly "deficient responses and . . . refusal to timely produce . . . important core documents." (Doc. 103, at 4.) Included in the original Motion to Compel was Plaintiff's response to Interrogatory No. 12. That Interrogatory asks Plaintiff to "[i]dentify by name and location each and every site or place where there is a grain storage system that includes a Raven product and

1

that you contend infringes any claim of the '239 patent." (Doc. 103-3, at 1.)
Plaintiff's initial response included the objection that that the interrogatory is
unduly burdensome because Defendant "is in possession of the documents and
information identifying each and every [such] site . . . ." (Doc. 103-3, at 2.)

Plaintiff continued that every location with an installed Fortress brand
Internal Strop System "is a site or place of infringement" of the patent at issue
"because there are no substantial non-infringing uses" of Defendant's system. (*Id*.)
The Court sustained Plaintiff's unduly burdensome objection, finding that
"[i]f Plaintiff intends to advance the theory that every use of Defendant's system
infringes on the patent at issue, there is no need for Plaintiff to provide further
enumeration of the sites where such infringement is taking place." (Doc. 120, at
6.) Plaintiff was, however, ordered to provide a supplemental response to
Defendant within thirty (30) days of the Order based on Plaintiff's assertion that it
was in the process of investigating sales invoices produced by Defendant that
identify the parties to whom Defendant sold its internal strapping systems. (*Id*.)

Thereafter, during communications between the parties, Defendant contends
that Plaintiff

> admitted that the term 'Internal Strapping System' as
> [Plaintiff] J&M defined it in its discovery requests to
> [Defendant] Raven was over inclusive and not all
> 'Internal Strapping Systems' infringe. . . . Consistent
> with this, in response to Raven's Requests for
> Admission, J&M denied that 'any Internal Strapping

2

> System infringe [] the '239 patent.' . . . J&M admitted that 'not all Internal Strapping Systems infringes the '239 patent.' . . . After these admissions, J&M amended its Interrogatory response on May 11, 2018[,] to evasively state that each and every sale of Raven's 'internal strap system is an infringement of the '239 Patent.' Ex. A at 2 (now switching from the previously, consistently used all caps Internal Strapping System to the lowercase internal strap system).
>
> During a meet and confer conversation, J&M's counsel confirmed that 'internal strap system' as it was now used in response to Interrogatory No. 12 was intended to be narrower in scope than the defined term 'Internal Strapping System.' The reason J&M is not using the more broad definition of Internal Strapping System in its latest response is presumably because Raven produced in discovery evidence of sales of its Internal Strapping System that pre-date the '239 Patent, rendering the patent invalid. Regardless, J&M is accusing something less than all of Raven's Internal Strapping Systems of infringement, but it refuses to identify which products infringe and which do not.

(Doc. 139, at 3-4.) Defendant argues that even though Plaintiff now admits that "[n]ot all sales are accused of infringement," Plaintiff refuses to specify "which ones are and which ones are not" infringing, making "it is impossible to ascertain the full scope of the alleged infringing sales." (*Id*., at 4.)

Plaintiff contends that its responses to Defendant's Requests for Admission do <u>not</u> contradict its "position that every use of [Defendant] Raven's system infringes on the patent at issue." (Doc. 141, at 4.) Plaintiff clarifies that "[h]aving knowledge of [Defendant] Raven's unrelated products that fall within the defined term 'Internal Strapping System,' [Plaintiff] denied [Defendant's] request for

3

admission. (*Id.* (citing Doc. 141-3, at 2-3).) The Court agrees that this is consistent with Plaintiff's prior response. Further, the Court is not going to punish Plaintiff for continued consultation with Defendant regarding these discovery requests that went beyond what Plaintiff was instructed to do in the Court's underlying Order (Doc. 120). (*See* Doc. 141, at 5.)

Plaintiff made an additional good faith effort to resolve this issue with this additional proposal:

> [Defendant] Raven, having knowledge of its own invoices and the descriptions employed in those invoices, is in the best position to identify which of Raven's invoices relate to like storage systems, and which invoices relate to different storage systems. Thus, if Raven will identify, by Bates number, the invoices that evidence the sale of a type of system reflected, for example, in RavenJMI 8343, we may be able to confirm that only those invoices 'include a Raven product that [J&M] contends infringes any claim of the '239 patent.' However, without further information from Raven regarding its own invoices, J&M cannot, at this time, definitively state which invoices evidence the sale of a certain type of system.

(Doc. 141, at 6 (citing Doc. 141-1.)) Plaintiff states that Defendant "never responded to [the] proposal, and instead filed its motion to compel." *Id.*

As stated, the Court previously ruled that Plaintiff did not have to supplement its response to the Interrogatory if it "intends to advance the theory that every use of Defendant's system infringes on the patent at issue . . . ." (Doc. 120, at 6.) The Court finds that, contrary to Defendant's contentions, Plaintiff's

4

explanation of which uses of Defendant's system are not infringing remains consistent with its prior discovery response. As such, Defendant's motion is **DENIED**.

The Court does, however, encourage Defendant to accept Plaintiff's proposal, discussed above, to identify, by Bates number, "invoices that evidence the sale of a type of system reflected, for example, in RavenJMI 8343." Should Defendant choose to do so, Plaintiff is instructed to confirm whether such invoices "include a Raven product that [J&M] contends infringes any claim of the '239 patent.'" Defendant is instructed to submit to Plaintiff any such invoices **within thirty (30) days** of the date of this Order and for Plaintiff to provide any relevant confirmation **within thirty (30) days** upon receipt of the same.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Compel (Doc. 138) is **DENIED**.

IT IS SO ORDERED.

Dated this 24th day of July, 2018, at Wichita, Kansas.

                                            s/ KENNETH G. GALE
                                            HON. KENNETH G. GALE
                                            U.S. MAGISTRATE JUDGE