### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF KANSAS

| | |
|---|---|
| J&M INDUSTRIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-2723-JTM-KGG |
| RAVEN INDUSTRIES, INC., | ) |
| Defendant. | ) |

### FIRST AMENDED COMPLAINT

Defendant Raven Industries, Inc. ("Raven") has consented to the filing of this First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff J&M Industries, Inc. ("J&M"), for its First Amended Complaint against Raven, states as follows:

### NATURE OF THE CASE

1. This is a civil action for patent infringement under 35 U.S.C. § 271 *et seq.* by J&M against Raven for infringement of U.S. Patent No. 9,347,239 ("the '239 Patent") and U.S. Patent No. 9,890,550 ("the '550 Patent").

### PARTIES

2. J&M is a Louisiana corporation organized under the laws of the State of Louisiana and has a principal place of business at 300 Ponchatoula Parkway, Ponchatoula, Louisiana, 70454.

3. Upon information and belief, Raven is a corporation organized under the laws of the State of South Dakota and has a principal place of business at 205 E 6th Street, Sioux Falls, South Dakota, 57104.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this case arises under an Act of Congress relating to patents, 35 U.S.C. § 271 *et seq*.

5. This Court has personal jurisdiction over Raven because, upon information and belief, Raven has committed, in concert with others, acts of patent infringement in this District and the State of Kansas. For example, upon information and belief, Raven produced and delivered a tarp to Mid-Kansas Cooperative Association's location in Yoder, Kansas, wherein said tarp was deployed in or about early October 2016 and was used to create a system that infringes the '239 Patent. Moreover, upon information and belief, Raven regularly does business and solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to individuals and companies in this District and the State of Kansas. Additionally, by engaging in the instant litigation before this Court for the past twenty months, Raven has consented that venue is proper in this Court.

## GENERAL ALLEGATIONS

6. J&M, founded in New Orleans, Louisiana in 1973, designs and manufactures agricultural storage covers used for the temporary storage of grains such as barley, corn, oats and wheat.

7. On May 24, 2016, the '239 Patent was duly and legally issued by the U.S. Patent and Trademark Office for an invention entitled "Systems and Methods for Storage," relating to a storage system for covering a pile of bulk material such as grain. A true and correct copy of the '239 Patent is attached hereto as Exhibit A.

8.      J&M is the assignee and sole owner of the '239 Patent and, as such, possesses rights in and to that patent, including right to bring this action and enforce the '239 Patent against infringers, and to collect all relevant damages.

9.      Raven has indirectly infringed one or more claims of the '239 Patent, including without limitation independent claims 1 and 9, both via contributory[1] and induced infringement. The direct infringement underlying Raven's indirect infringement of the '239 Patent consists of Raven's Fortress Internal Strap System, both on its own and as utilized in connection with Raven's Protector or GrainMax covers (collectively, the "Infringing Strapping System"), used as an integral component of a grain storage system.  As but one non-limiting example, in or about early October 2016, the Infringing Strapping System was used as part of a grain storage system in Yoder, Kansas.  Photographs evidencing said direct infringement are attached hereto as Exhibit B.  As yet another example, upon information and belief, Raven has sold to Union Iron its Infringing Strapping System further comprising Raven's RainFlap brand system that allows for the tarpaulins of the system to be attached to each other using grommets and cable ties.  Upon information and belief, said Infringing Strapping Systems comprising Raven's RainFlap brand systems sold to Union Iron were installed with Union Iron's retaining walls wherein the tarpaulins were attached to the top of the Union Iron retaining wall.

10.     Raven has contributed to and is continuing to contribute[2] to the infringement of the '239 Patent by making, selling, offering to sell and/or delivering the Infringing Strapping System to users who deploy or otherwise utilize the Infringing Strapping System as part of a grain storage system.  The use of the Infringing Strapping System by the user for its intended

---

[1] In view of the Court's Claim Construction Order of June 21, 2018 (Rec. Doc. 147), J&M has also filed (contemporaneously with this First Amended Complaint) J&M's Motion for Entry of Partial Judgment of Non-Infringement.

[2] *See* Footnote 1, supra.

purpose necessarily results in the infringement of the '239 Patent. The Infringing Strapping System is not a staple article or commodity of commerce suitable for substantial noninfringing use. Its only substantial use is as a material component of a grain storage system that infringes the '239 Patent[3] and the '550 Patent (as described below).

11. Raven also has induced and is continuing to induce users to utilize the Infringing Strapping System as part of a grain storage system, and specifically to use the Infringing Strapping System in a manner that Raven knows infringes the '239 Patent. Raven has done so and is continuing to do so by, for example:[4] (1) providing detailed instructions to its customers explaining how to use the Infringing Strapping System in an infringing manner; and (2) touting and advertising the Infringing Strapping System to its customers. Non-limiting examples of such instructions and advertisements are attached hereto as Exhibit C.

12. Raven's inducement of and contribution[5] to acts of direct infringement of the '239 Patent were and are knowing, willful, and deliberate, as Raven's infringing acts were and are undertaken with knowledge of the '239 Patent and with the specific intent and knowledge that users of the Infringing Strapping System would infringe at least one claim of the '239 Patent.

13. J&M informed Raven of its indirect infringement of the '239 Patent on or about May 27, 2016, yet Raven continues to knowingly and willfully infringe[6] the '239 Patent in blatant disregard of J&M's intellectual property rights. A copy of J&M's notice letter is attached hereto as Exhibit D.

---

[3] *See* Footnote 1, supra.

[4] *See* Footnote 1, supra.

[5] *See* Footnote 1, supra.

[6] *See* Footnote 1, supra.

14. Raven therefore has induced and contributed[7] to acts of direct infringement, and is continuing to do so, willfully and with the specific intent and knowledge that users of the Infringing Strapping System would infringe at least one claim of the '239 Patent.

15. On January 12, 2017, U.S. Patent Application No. 15/404,595 ("the '595 Application") was filed with the U.S. Patent and Trademark Office for an invention entitled "Systems and Methods for Storage".

16. The '595 Application is a continuation of U.S. Patent Application No. 15/138,989, filed on April 26, 2016, which is in turn a continuation of U.S. Patent Application No. 13/757,333, filed on February 1, 2013 (which issued as the '239 Patent).

17. The '595 Application published on May 4, 2017 as U.S. Published Patent App. No. US20170121996.

18. On February 13, 2018, the '550 Patent was duly and legally issued from the '595 Application by the U.S. Patent and Trademark Office for an invention entitled "Systems and Methods for Storage," relating to a storage system for covering a pile of bulk material such as grain. A true and correct copy of the '550 Patent is attached hereto as Exhibit E.

19. J&M is the assignee and sole owner of the '550 Patent and, as such, possesses rights in and to that patent, including the right to bring this action and enforce the '550 Patent against infringers, and to collect all relevant damages.

20. Raven has indirectly infringed Claims 8, 9, 10 and 11 of the '550 Patent via contributory infringement. The direct infringement underlying Raven's contributory infringement of the '550 Patent consists of Raven's Fortress Internal Strap System, both on its own and as utilized in connection with Raven's Protector or GrainMax covers (collectively, the

---

[7] *See* Footnote 1, supra.

5

"Infringing Strapping System"), used as an integral component of a grain storage system. As but one non-limiting example, in or about early October 2016, the Infringing Strapping System was used as part of a grain storage system in Yoder, Kansas, and, upon information and belief, said installed system in Yoder, Kansas still exists today.

21. Raven has contributed to and is continuing to contribute to the infringement of the '550 Patent by making, selling, offering to sell and/or delivering the Infringing Strapping System to users who deploy or otherwise utilize the Infringing Strapping System as part of a grain storage system. The use of the Infringing Strapping System by the user for its intended purpose necessarily results in the infringement of the '550 Patent. The Infringing Strapping System is not a staple article or commodity of commerce suitable for substantial noninfringing use. Its only substantial use is as a material component of a grain storage system that infringes the '550 Patent.

22. Raven's contribution to acts of direct infringement of the '550 Patent were and are knowing, willful, and deliberate, as Raven's infringing acts were and are undertaken with knowledge of the '550 Patent and with the specific intent and knowledge that users of the Infringing Strapping System would infringe at least one claim of the '550 Patent.

23. J&M informed Raven of its indirect infringement of the '550 Patent on or about February 14, 2018, yet, on information and belief, Raven continues to knowingly and willfully infringe the '550 Patent in blatant disregard of J&M's intellectual property rights. A copy of J&M's notice letter is attached hereto as Exhibit F.

24. Raven therefore has contributed to acts of direct infringement, and is continuing to do so, willfully and with the specific intent and knowledge that users of the Infringing Strapping System would infringe at least one claim of the '550 Patent.

## COUNT 1: INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,347,239

25.     J&M incorporates herein by this reference each and every allegation contained in each paragraph above.

26.     Raven has indirectly infringed and continues to indirectly infringe[8] one or more claims of the '239 Patent, including without limitation independent claims 1 and 9, contributorily and/or by inducement, by making, using, inducing others to use, offering for sale, selling and advertising, without license or other authorization from J&M, the Infringing Strapping System for use as an integral component of a grain storage system in a manner that Raven knows infringes one or more claims of the '239 Patent, including without limitation independent claims 1 and 9, in violation of 35 U.S.C. § 271(b) and (c).[9]

27.     Raven's infringement of the '239 Patent has directly and proximately caused, and is continuing to directly and proximately cause, damage to J&M.  J&M is entitled to recover from Raven the damages sustained by J&M.  Raven's infringement of the '239 Patent will continue to damage J&M, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

28.     Raven's infringement of the '239 Patent is willful and deliberate, entitling J&M to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred by J&M in prosecuting this action under 35 U.S.C. § 285.

## COUNT 2: CONTRIBUTORY INFRINGEMENT OF CLAIMS 8-11 OF U.S. PATENT NO. 9,890,550

29.     J&M incorporates herein by this reference each and every allegation contained in each paragraph above.

---

[8] *See* Footnote 1, supra.

[9] *See* Footnote 1, supra.

30. On information and belief, Raven has contributorily infringed and continues to contributorily infringe Claims 8-11 of the '550 Patent, by making, using, offering for sale, selling and/or advertising, without license or other authorization from J&M, the Infringing Strapping System for use as an integral component of a grain storage system in a manner that Raven knows infringes claims 8-11 of the '550 Patent in violation of 35 U.S.C. § 271(c).

31. Raven's contributory infringement of the '550 Patent has directly and proximately caused, and is continuing to directly and proximately cause, damage to J&M.  J&M is entitled to recover from Raven the damages sustained by J&M.  Raven's contributory infringement of the '550 Patent will continue to damage J&M, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

32. Raven's contributory infringement of the '550 Patent is willful and deliberate, entitling J&M to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred by J&M in prosecuting this action under 35 U.S.C. § 285.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Local Rule 40.2(a), J&M hereby designates Kansas City, Kansas as the place of trial.

## PRAYER FOR RELIEF

WHEREFORE, J&M prays for the following relief:

A. A judgment that Raven has contributorily infringed and induced infringement of the '239 Patent;[10]

B. A judgment that Raven has contributorily infringed claims 8-11 of the '550 Patent;

---

[10] *See* Footnote 1, *supra*.

8

C.      A permanent injunction enjoining and restraining Raven and its officers, directors, agents, representatives, servants, employees, attorneys, affiliates, and all others acting under, by or through them, from indirectly infringing the '239 Patent and the '550 Patent;

D.      An award of all damages recoverable under the laws of the United States in an amount to be proven at trial, and an order requiring a full accounting of the same;

E.      An award of treble damages pursuant to 35 U.S.C. § 284 against Raven as a result of Raven's willful infringement;

F.      A finding that this case is exceptional under 35 U.S.C. § 285 and an award of all attorneys' fees and costs incurred by J&M in prosecuting this action;

G.      A judgment requiring Raven to pay J&M pre-judgment and post-judgment interest on all sums awarded; and

H.      A judgment awarding J&M such other and further relief as this Court may deem just and proper.

Dated: August 17, 2018 	Respectfully submitted,

> By:   */s/ David Barnard*
> Emily Lippold Gummer
> Raymond G. Areaux
> Carver Darden Koretzky Tessier Finn Blossman & Areaux, LLC
> Energy Centre, Suite 3100
> 1100 Poydras Street
> New Orleans, LA 70163
> Telephone: (504) 585-3821
> Facsimile: (504) 585-3801
> *(Admitted Pro Hac Vice)*
> gummer@carverdarden.com
> areaux@carverdarden.com
>
> and
>
> David R. Barnard, KS # 17955
> Bryce Langford, D. Kan. # 78652
> Stinson Leonard Street LLP
> 1201 Walnut Street, Suite 2900
> Kansas City, MO 64106
> Telephone: (816) 691-2608
> Facsimile: (816) 412-1017
> David.barnard@stinson.com
> Bryce.langford@stinson.com
> ATTORNEYS FOR PLAINTIFF J&M INDUSTRIES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2018, a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system.

> */s/ David R. Barnard*
> David R. Barnard