IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J&M INDISTRIES, INC.,

    Plaintiff,

v.                    Case No. 16-2723-JWB

RAVEN INDISTRIES, INC.,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the following motions: Plaintiff's motion for entry of partial judgment (Doc. 153) and Plaintiff's motion to amend the complaint (Doc. 179.) The motions are fully briefed. (Docs. 154, 157, 161, 180, 182, 186.) For the reasons set forth herein, the motion for entry of partial judgment (Doc. 153) is DENIED; the motion to amend the complaint (Doc. 179) is GRANTED.

**I. Motion for entry of partial judgment (Doc. 153.)**

The court previously construed several disputed claim terms in United States Patent No. 9,347,239 ("the '239 Patent"). *See* Doc. 147. Plaintiff concedes that under the court's construction of the disputed terms, some (but not all) of Plaintiff's legal claims are no longer viable. Specifically, under the court's construction of "lower edge," "upper edge," and "fasteners," Plaintiff concedes: (1) Defendant has not contributorily infringed, and does not contributorily infringe, the '239 Patent because there are substantial non-infringing uses of Defendant's Fortress brand internal strap system; and (2) as of January 1, 2018, the materials on Defendant's website have not infringed, and do not induce infringement, of the '239 Patent. (Doc. 154 at 2.)

Plaintiff concedes these claims only because of the court's construction of the disputed terms, and it wishes to preserve its right to appeal the claim construction order. For that reason, Plaintiff will not dismiss the claims but requests entry of a partial judgment because "it is in the best interest of each of the parties and of the Court to efficiently issue a judgment on these claims." (*Id.* at 2.) Plaintiff indicates it is not seeking to immediately appeal the claim construction ruling, but is attempting to avoid a "duplicative and unnecessary summary judgment motion for dismissal of" the conceded claims. (Doc. 161 at 3, n.2.) Defendant, meanwhile, opposes what it characterizes as Plaintiff's "attempt to obtain a piecemeal judgment against itself," arguing "[t]here is no reason to drag this case out with partial judgments that do not advance the ball." (Doc. 157 at 3.) Defendant argues it would be preferable to address all claims in summary judgment motions. (*Id.*)

The court finds Plaintiff's motion for entry of partial judgment should be denied. The Federal Rules of Civil Procedure use the term "judgment" to mean an order from which an appeal lies. Fed. R. Civ. P. 54(a). The rules generally contemplate entry of a final judgment only after all claims and parties are disposed of. *See* Fed. R. Civ. P. 54(b). There is an exception allowing entry of a final judgment as to fewer than all claims, but that rule is limited in scope, and its purpose is to allow an immediate appeal of claims that are unconnected to the remaining claims. *See McHenry v. City of Ottowa, Ks.*, 2017 WL 6406878, *2 (D. Kan. Dec. 17, 2017) ("The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.") (citations and internal quotation marks omitted).

Plaintiff thus appears to be offering to concede a summary judgment ruling as to some of its claims, as opposed to seeking entry of a "judgment" within the meaning of the federal rules. A

partial summary judgment ruling is not final and does not ordinarily permit an immediate appeal. *See Fye v. Okla. Corp. Com'n,* 516 F.3d 1217, 1223 n. 2 (10th Cir.2008) (partial summary judgment is not final and district court has "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment" (quotations omitted)). Defendant opposes such a request and indicates it will instead file a motion for summary judgment on all claims. (Doc. 157 at 1.) Defendant is not obligated to accede to Plaintiff's request, as Defendant may be seeking a summary judgment ruling broader in scope than the one Plaintiff proposes.[1] At any rate, because Plaintiff has not shown that entry of a judgment is appropriate at this point, the court will deny the motion for entry of partial judgment.

**II. Motion to amend the complaint (Doc. 179.)**

Plaintiff's complaint filed on October 21, 2016, initially designated Kansas City as the place of trial. (Doc. 1 at 6.) Plaintiff now moves for leave to amend the complaint to designate Wichita as the place of trial. Plaintiff indicates it initially believed that Kansas City would be a more convenient place for trial, but discovery has shown that not to be the case, as potential witnesses to the alleged infringement reside in Hesston, Yoder, and Moundridge. (Doc. 180 at 2.) Defendant opposes the motion "for several reasons, including inconvenience to most, if not all, of the witnesses, as well [as] undue delay and improper motive by J&M in seeking this relief." (Doc. 182 at 1.)

Rule 15(a) provides in part that if the time has expired for a party to amend its complaint as a matter of course, it may do so "only with the opposing party's written consent or the court's

---

[1] Defendant has offered a number of possible nefarious purposes for Plaintiff's motion. It says "[o]ne possible motive for J&M seeking this partial judgment now is to cause delay in the ultimate resolution of the case," or that "perhaps… J&M just wants to keep running up Raven's fees to pressure Raven to settle," or that "another possible motivation for J&M seeking entry of partial judgment now is to avoid paying Raven's fees and costs to date, or to at least try to delay rulings along those lines." (Doc. 157.) Imputing improper motives to what appears to be an effort to streamline the remaining issues is both factually unwarranted and unhelpful to the court's analysis.

leave." Fed. R. Civ. P. 15(a)(2). Yet the court "should freely grant leave when justice so requires." (*Id.*) The granting of leave to amend is within the discretion of the trial court. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The purpose of freely granting leave when justice requires is "to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'" (*Id.*) (citation omitted.) "A party is typically granted leave to amend under this rule unless there is 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment." *Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-KMH, 2014 WL 5430251, *6 (D. Kan. Oct. 24, 2014) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005)).

Defendant has shown no improper motive, undue delay, prejudice, or other basis that warrants denial of Plaintiff's request to amend the complaint. While most of the witnesses appear to be from out of state, Plaintiff has shown that Wichita would be more convenient for some potential Kansas witnesses. The motion is also timely under the applicable scheduling order. Moreover, unlike a substantive amendment, this request involves the place of trial. The local rules specifically provide that "[t]he court is not bound by the requests for place of trial" and "may determine the place of trial upon motion or in its discretion." D. Kan. R. 41(e). The court determines in the exercise of its discretion that Wichita should be the place of trial.

IT IS THEREFORE ORDERED this 27th day of February, 2019, that Plaintiff's motion for entry of partial judgment (Doc. 153) is DENIED. Plaintiff's motion for leave to amend the complaint (Doc. 179) is GRANTED. The place of trial is hereby designated as Wichita, Kansas.

       ___s/ John W. Broomes_____
       JOHN W. BROOMES
       UNITED STATES DISTRICT JUDGE