# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J&M INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 16-2723-JWB-KGG |
| | ) |
| RAVEN INDUSTRIES, INC. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER GRANTING
## DEFENDANT'S MOTION FOR LEAVE TO AMEND

Now before the Court is Defendant's Motion for Leave to Amend. (Doc. 195.) Defendant brings the present motion based on their assertion that newly acquired facts warrant a good cause amendment to their complaint. (Doc. 196, at 2.) Plaintiff objects that the motion is both out-of-time and futile. (Doc. 197, at 4.) Having reviewed the submissions of the parties, Defendant's motion is **GRANTED** as more fully set forth below.

## BACKGROUND

The this is a patent infringement case, brought pursuant to 35 U.S.C. § 271, *et seq*. The parties are competitors in the grain storage cover industry. Defendant seeks leave to amend its answer "to add a defense and counterclaim of inequitable

1

conduct." (Doc. 196, at 2.)  A supplemental Scheduling Order was entered on October 18, 2018, which included a December 28, 2018, deadline to amend the pleadings.  (Doc. 172.)  Defendant contends that it "first learned the pertinent details at depositions of J&M witnesses" for this defense/claim during the week of March 25, 2019, and was unable to pursue this defense prior.  (Doc. 196, at 2.)

Defendant attempted to add the defense of inequitable conduct in its answer to the First Amended Complaint on August 31, 2018.  (Doc. 158, at 6-8.)  Plaintiff subsequently moved to dismiss that claim pursuant to Rule 12(b)(6), stating that Defendant "failed to adequately plead (because it cannot) its allegation of inequitable conduct against J&M in accordance with the heightened pleading standards of Rule 9(b)."  (Doc. 163, at 1.)  Defendant then voluntarily dismissed its inequitable conduct claim without prejudice on October 12, 2018.  (Doc. 171.)  Defendant now argues that it has good cause to amend because newly discovered details from the March 25-28, 2019 depositions of the two inventors of the patents at issue now allow them to meet the requirements of Rule 9(b).  (Doc. 196, at 2.)

Plaintiff objects to Defendant's proposed amendment, arguing that the amendment would be futile because "even if everything Raven alleges is true, Raven cannot prove inequitable conduct." (Doc. 197, at 4.)  Further, Plaintiff maintains that Defendant's argument for good cause is "baseless," as Mr. Gummer disclosed in his December 13, 2017, deposition that he "knew of the hay tarps with

2

straps and pockets, like the Western Ag hay tarps, prior to the filing of the Patents-at-Issue." (Doc. 197, at 4.)

## ANALYSIS

### I. Legal Standards for a Rule 15 Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15, Defendant requests the Court's leave to amend its answer. The Court freely grants leave when justice so requires. Fed.R.Civ.P. 15(a)(2). To amend a complaint after a scheduling order deadline has passed, a party must show good cause pursuant to Rule 16(b)(4). **Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n**, 771 F.3d 1230, 1241 (10th Cir. 2014). Federal Rule 16(b)(4) mandates that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). When the court finds that good cause has been established by the moving party, it should then determine whether leave to amend should be granted pursuant to Rule 15(a)(2). **Lenexa Hotel, LP v. Holiday Hosp. Franchising, Inc.**, No. 15-9196-KHV, 2018 WL 1965689, at *2 (D. Kan. April 26, 2018).

Federal Rule 15 provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a). In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

3

amendment, leave to amend should be freely given, as required by the federal rule. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir.1993).

## II. Futility.

The Court disagrees with Plaintiff's argument that Defendant's proposed amendment is futile. Plaintiff contends the amendment would be subject to dismissal for two reasons: (1) The Western Ag hay tarps were not material; and (2) Defendant has no evidence that Plaintiff acted with the specific intent to deceive the United States Patent and Trademark Office (USPTO). (Doc. 197, at 4.)

### A. Standard for Futility Objection.

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *ConAgra Foods Food Ingredients Co., Inc. v. Archer-Daniels-Midland Co.*, No. 12-2171-EFM-KGS, 2014 WL 359566, at *2 (D. Kan. Feb. 3, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted)). "The Federal Circuit has held that to plead inequitable conduct, the accused infringer must allege that

4

(1) 'the applicant misrepresented or omitted material information' (2) 'with the specific intent to deceive the USPTO.'" *Id.* at *2 (citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011)).

### B. Materiality.

Federal Rule 9(b) requires the "identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the USPTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). "But-for" materiality is used to establish "how" an examiner would have used information in assessing the patentability of a claim. *ConAgra*, 2014 WL 359566, at *5. When an applicant withholds prior art from the USPTO, that prior art is "but-for" material if the USPTO would not have allowed a claim had it known about the prior art. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011).

> In assessing the materiality of a withheld reference, the court must determine whether the USPTO would have allowed the claim if it had been aware of the undisclosed reference. In making this patentability determination, the court should apply the preponderance of the evidence standard and give claims their broadest reasonable construction.

*Id.* at 1291-92.

Defendant asserts that the Western Ag tarps are material, as they are "virtually identical" to the provisional patent application filed by Plaintiff in 2012, which ultimately led to the '239 patent. (Doc. 196, at 3.) Defendant further alleges that "Had the Examiner been made aware of the Western Ag prior art, the Western Ag prior art would have led to the final rejection of at least Claim 1 of '239 patent because Claim 1 as it issued is merely an obvious combination of Western Ag prior art and grain storage systems commonly known and used in the industry for decades including those described in manuals published by Union Iron." (Doc. 196, Ex. A, ¶ 73.)

Plaintiff argues that the Western Ag hay tarps cannot be "but-for" material because Plaintiff submitted them to the USPTO during the prosecution of the '550 patent, which was later issued by the USPTO. (Doc. 197, at 5-6.) Plaintiff further argues that Defendant "cannot identify the specific basis on which the patent examiner would have rejected any claims of the '239 patent." (Doc. 197, at 6.)

The Court rejects Plaintiff's argument, as Defendant has adequately identified a reasonable basis in their amended complaint. (Doc. 196, Ex. A, ¶ 42-73.) When viewing Defendant's claims, accepted as true under their broadest reasonable interpretation, the Court finds that Defendant has provided sufficient factual matter to show of the necessary level of materiality required to make a plausible claim for inequitable conduct.

## C. Scienter

To adequately meet the pleading requirements for inequitable conduct, a party must show "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen*, 575 F.3d at 1327. While knowledge and intent can typically be inferred under Rule 9(b), a pleading of inequitable conduct must include "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the USPTO." *Id.* at 1328-29. "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Id.* at 1329.

However, "an intent to deceive may not be inferred solely from some level of knowledge of a prior art reference." *ConAgra*, 2014 WL 359566, at 6. "The mere fact that an applicant disclosed a reference during prosecution of one application but did not disclose it during prosecution of a related application, is insufficient to meet the threshold level of deceptive intent required to support an allegation of inequitable conduct." *Exergen*, 575 F.3d at 1331.

Although a party is required to satisfy the clear and convincing standard to prevail on the merits, it need only show "an inference of deceptive intent" that is

"reasonable and drawn from a pleading's allegations of underlying fact" in order to satisfy Rule 9(b)'s heightened pleading requirement. *Id.* at n.5. Further, the "single most reasonable inference" standard applies only when it is necessary that a party meet the clear and convincing standard; in a pleading, it is only necessary that a party show that the facts support a reasonable inference that a party acted with deceptive intent. *Id.* (citation omitted).

Defendant argues that the two co-inventors of Plaintiff's patent were "fully aware of Western Ag's prior use and sale of tarps with internal straps," and discussed whether Western Ag's prior art could pose a "conflict" to Plaintiff's ability to obtain a patent. (Doc. 198, at 4.) Further, Defendant contends that this knowledge in conjunction with Plaintiff's failure to disclose to the USPTO is sufficient to meet the level of deceptive intent required for a pleading of inequitable conduct when viewed in a light most favorable to the moving party. *Id*.

The Court finds Defendant's argument persuasive. While the facts are capable of other interpretations, and may not prevail on the merits, the evidence that the inventors discussed the prior art and decided not to submit it is some evidence of scienter. For the purpose of this motion, Defendant has alleged sufficient factual details to support a plausible claim that Plaintiff acted with the specific intent to deceive the USPTO.

### III. Undue Delay

In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir.1993). "Lateness does not itself justify the denial of the amendment." *R. E. B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975). The Tenth Circuit has held that the courts should focus primarily on "the reasons for the delay." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

Although this motion is not timely under the Scheduling Order (Doc. 172), Defendant argues that good cause to allow amendment exists in that the information necessary to assert this claim was not available to them until March 25-28, 2019. (Doc. 198, at 8.) Defendant further contends that this will cause no undue burden, as no additional discovery is required. (Doc. 196, at 6.)

Plaintiff argues that Defendant "knew about J&M's knowledge of the Western Ag hay tarps back in December 2017 during Mr. Gummer's first deposition. (Doc. 197, at 10.) Further, Plaintiff maintains that "to the extent that Raven learned anything new, Raven should have learned about these facts much

sooner, either through more rigorous questioning in earlier depositions, paper discovery, or earlier scheduling of the recent depositions." (Doc. 197, at 10.)

While Plaintiff is correct in stating that Defendant knew that J&M had knowledge about the Western Ag tarps as of December 2017, that is not an issue here. Rather, the issue is whether they had sufficient facts to allege inequitable conduct within the requirements of Rule 9(b) as of that date.

> A party may not successfully assert a fraud-based claim based only on suspicions. Rule 9(b) requires particular knowledge of the circumstances constituting the fraud… Until plaintiff had information about the circumstances of the alleged fraud perpetrated in this case, it cannot be faulted for not moving for leave to amend.

*Lenexa Hotel, LP*, 2018 WL 1965689, at *6. Defendant had raised this inequitable conduct allegation previously, but ultimately dismissed it voluntarily due to their inability to meet the threshold imposed by Rule 9(b). Defendant then promptly filed the present motion shortly after obtaining facts allowing them to satisfy that threshold. The Court thus finds that Defendant has shown good cause for its delay, and accordingly no undue delay is created by granting Defendant's motion for leave to amend. The Court thus **GRANTS** Defendant's Motion to Amend (Doc. 195).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File an Amended Answer and Counterclaim (Doc. 195) be **GRANTED** as more fully set forth above. Because the pretrial conference is imminent, Plaintiff may answer the counterclaim in the pretrial order.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2019, at Wichita, Kansas.

                               S/ KENNETH G. GALE
                               HON. KENNETH G. GALE
                               U.S. MAGISTRATE JUDGE