IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J&M INDUSTRIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAVEN INDUSTRIES, INC. ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 16-2723-JWB-KGG |

**MEMORANDUM & ORDER DENYING
DEFENDANT'S MOTION TO STRIKE NEW ALLEGATIONS IN
PLAINTIFF'S REBUTTAL EXPERT REPORT**

Now before the Court is Defendant's Motion to Strike New Allegations in Plaintiff's Rebuttal Expert Report. (Doc. 223.) Defendant brings the present motion based on their assertion that Plaintiff's Rebuttal Expert Report contains "new and previously undisclosed infringement allegations." (Doc. 223, at 1.) Having reviewed the submissions of the parties, Defendant's motion is **DENIED** as more fully set forth below.

**BACKGROUND**

The this is a patent infringement case, brought pursuant to 35 U.S.C. § 271, *et seq*. The parties are competitors in the grain storage cover industry. In its

1

present motion, Defendant contends that Plaintiff's rebuttal expert report contains new direct infringement allegations and photographs that were not timely disclosed. (Doc. 224, at 1.) For these reasons, Defendant asks in this Motion that the Court "strike any infringement opinion testimony relating to these four new sites, as well as the late-produced photographs purportedly of these sites." (Doc. 224, at 8.) In the alternative, Defendant seeks the Court's leave to submit a responsive expert report. (Doc. 224, at 8.) Plaintiff objects to Defendant's Motion, arguing that "[t]here is nothing in Mr. Decker's expert report that is inconsistent with, or 'new' to, J&M's long-standing position." (Doc. 229, at 1.)

## **ANALYSIS**

### I. Legal Standard

A proper rebuttal expert is "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosures. ***Estate of Hammers v. Douglas Co. Bd. of Comm'rs***, No. 15-7994-DM, 2016 WL 6804905, at *1 (D. Kan. Nov. 16, 2016) (quoting Fed.R.Civ.P. 26(a)(2)(D)(ii)). Stated another way, rebuttal evidence is "evidence which attempts to 'disprove or contradict' the evidence to which it contrasted." ***Tanberg v. Sholtis***, 401 F.3d 1151, 1166 (10th Cir. 2005) (citation omitted). The admissibility of expert testimony is within the sound discretion of the courts. ***United States v. Barton***, 731 F.2d 669, 672 (10th Cir. 1984).

## II. Analysis

Defendant argues that Plaintiff "did not identify infringement allegations specific to these four sites before the Decker 'rebuttal' expert report." (Doc. 224, at 2.) Plaintiff states in its response that it has "always clearly maintained that because there are no substantial non-infringing uses, Raven's customers' use and installation of Raven's internal strapping system (as evidenced by the invoices produced by Raven) is direct infringement of J&M's patents." (Doc. 229, at 3.) To support this argument, Plaintiff references several documents in which it refers to direct infringement by Defendant's customers.[1] (Doc. 229, at 3-5.)

Further, Plaintiff contends that Mr. Decker's opinions regarding direct infringement are not new. (Doc. 229, at 6.) Plaintiff notes that every single strapping system inspected by Mr. Decker was previously identified as an occurrence of direct infringement because they have always held that "each customer's use/installation of Raven's internal strapping system is an instance of direct infringement." (Doc. 229, at 6.) Plaintiff also states that all four of the sites

---

[1] The documents referenced by Plaintiff are Plaintiff's Original Complaint (Doc. 1, at ¶ 9), Plaintiff's Response to Interrogatory No. 12 (Doc. 224-3, at 2), Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Discovery (Doc. 109, at 8), Plaintiff's Infringement Contentions for the '239 Patent (Doc. 224-1), Plaintiff's Infringement Contentions for the '550 Patent (Doc. 224-2), Plaintiff's First Amended Complaint (Doc. 156, at 3, ¶ 9; Doc. 156, at 5-6, ¶ 20), and Plaintiff's Second Amended Complaint (Doc. 192, at 3, ¶ 9; Doc. 192, at 5-6, ¶ 20.)

3

named in Mr. Decker's report were previously identified by the invoices produced by Defendant during discovery. (Doc. 229, at 6.)

Defendant notes that it previously filed two motions to compel asking Plaintiff to identify the specific sites where it claimed that there was infringement. (Doc. 224, at 2.) Defendant's Interrogatory No. 12 asked Plaintiff to "[i]dentify by name and location each and every site or place where there is a grain storage system that includes a Raven product and that you contend infringes any claim of the '239 patent or the '550 patent." (Doc. 224-3, at 1.) Plaintiff's answer to that interrogatory stated that

> Each sale of a Raven internal strap system (as evidenced by the sales documents produced (e.g., RavenJMI 8343-8474 and 8491-8828 - Raven invoices listing systems described as having 'strap' or 'integrated straps'), or which should be produced, by Raven) resulted in an infringement of the '239 Patent and/or the '550 Patent.

(Doc. 229, at 3-4.)

The Court has ruled twice that it would not require Plaintiff to supplement its response to this Interrogatory if it "intends to advance the theory that every use of Defendant's system infringes on the patent at issue…" (Doc. 149, at 4; Doc 120, at 6.) Plaintiff clearly intends to move forward on with this theory. With this motion, Defendant essentially asks the Court to depart from its earlier position. The Court declines to do so.

Plaintiff has maintained since the inception of this case that every use of Defendant's product directly infringed on Plaintiff's patent. Defendant possessed the knowledge of to whom it sold the allegedly infringing products and, therefore, should have been reasonably aware of all sites where Plaintiff was alleging direct infringement. Plaintiff did, in fact, name these four sites as directly infringing on its patent during discovery by alleging that *each and every* use of Defendant's product directly infringed on Plaintiff's patent and subsequently making reference to the sales invoices produced by Defendant.

Defendant additionally argues that Plaintiff did not produce the photographs taken of the four sites "during fact discovery or before Raven submitted expert reports." (Doc. 224, at 1.) The Court finds this argument to be without merit. It would be unreasonable to suggest that Plaintiff should have produced the photographs of the sites at issue during discovery as the photographs did not exist until they were taken during Mr. Decker's inspections of the sites, which occurred well after the close of discovery and the submission of Defendant's expert reports. Therefore, the Court finds that Plaintiff's expert report made no new allegations of direct infringement, nor were the photographs at issue produced out of time. Accordingly, Defendant's motion is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike New Allegations in Plaintiff's Rebuttal Expert Report (Doc. 223) be **DENIED** as more fully set forth above.

**IT IS SO ORDERED.**

Dated this 13th day of August, 2019, at Wichita, Kansas.

      S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE